### GRUNEWALD v. BRINKWORTH.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. TRIAL (§ 139*)—DISMISSAL—EVIDENCE.

> It was error to dismiss an action for want of proof, where plaintiff's evidence, considered as true, established a prima facie cause of action.

> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. SALES (§ 201*)—TITLE—DELIVERY.

> Where a sale of ferns was not to be complete until delivery, title remained in the seller until delivery.

> [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 529–541; Dec. Dig. § 201.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles E. Grunewald against Joseph Brinkworth. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Charles La Rue, of New York City, for appellant.
Harry E. Herman, of New York City, for respondent.

SEABURY, J. Plaintiff, a florist, delivered 25 ferns to the defendant, a common carrier, for transportation to a person to whom the plaintiff had agreed to sell the ferns. The ferns were delivered to the defendant on February 1st, at 8 p. m. The uncontradicted evidence shows that the defendant agreed to deliver them not later than the following day. Plaintiff and defendant discussed the reason for an immediate delivery; the plaintiff explaining that he noticed from the weather reports that a storm was coming, and that, if the ferns were not delivered immediately, there was great risk that they would be frozen. The ferns were not delivered on the following day, and the prophesied storm arrived, and the ferns were frozen and ruined. The court below dismissed the complaint, upon two grounds: First, that the plaintiff had no title to the ferns; and, second, that the defendant was not shown to be negligent.

[1, 2] As the court below dismissed the complaint, this court must assume that the plaintiff's testimony was true, and decide this case upon the facts testified to by him. The sale which the plaintiff had agreed to make was not complete until the ferns had been delivered, and until that time the title to them remained in the plaintiff. Assuming the facts to be as stated by the plaintiff, we think that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff established, prima facie, a cause of action against the defendant, and that the motion to dismiss the complaint at the close of the plaintiff's case should have been denied. The evidence which the plaintiff offered was at least sufficient to call upon the defendant to make some explanation.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.